IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TOBIUS DAVIES, #A1014982, | ) | CIV. NO. 20-00174 DKW-RT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND AND |
| vs. | ) | DENYING MOTIONS FOR |
| | ) | APPOINTMENT OF COUNSEL |
| NOLAN P. ESPINDA, FRANCIS | ) | |
| SEQUEIRA, DEP'T OF PUBLIC | ) | |
| SAFETY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND
DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

Before the court is pro se Plaintiff Tobius Davies' prisoner civil rights

Complaint brought pursuant to 42 U.S.C. § 1983, two Motions for Appointment of

Counsel, and miscellaneous requests.  *See* ECF Nos. 1, 5, and 6.[1]  Plaintiff is

incarcerated at the Oahu Community Correctional Center ("OCCC").  He alleges

that Defendants the Hawaii Department of Public Safety ("DPS"), its Director

Nolan P. Espinda, and OCCC Warden Francis Sequeira are violating his rights

under the Eighth and Fourteenth Amendments by depriving him of adequate, out-

of-cell time.

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files
("CM/ECF") numbering and pagination system used for filed documents in the District of
Hawaii.

For the following reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a) because of the failure to state a colorable claim for relief. Plaintiff's Motions for Appointment of Counsel and miscellaneous requests are DENIED.

## I.   STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct.  *Id.* (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND

Plaintiff was incarcerated at OCCC on December 12, 2012;[2] he commenced this action on April 20, 2020.  *See* Compl., ECF No. 1 at #19.  He alleges that, because Defendants failed to hire sufficient correctional officers, he is locked in his

---

[2]The Court takes judicial notice that Plaintiff is awaiting probation revocation proceedings in *State v. Davies*, No. 1PC151-001332 (Haw. 1st Cir. Ct.) (hearing set 06/19/2020), and trial in *State v. Davies*, No. 1DTA-19-02042 (Haw. 1st Cir. Ct.) (trial set 06/03/2020). https://www.courts.state.hi. (Search "eCourt Kokua"; then "Party Search" for Plaintiff's cases) (last visit May 4, 2020); *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of "matters of public record"); Fed. R. Evid. 201(b).

cell in Module 7 for seventeen to twenty-three hours per day. *Id.* at #17. Plaintiff alleges that this is constitutionally insufficient daily out-of-cell time; he believes that he is entitled to fourteen hours outside of his cell each day.

Plaintiff alleges that Defendants' policy violates his civil rights and causes him mental and physical distress (because the air conditioning in his cell is very cold). Plaintiff seeks monetary damages and injunctive relief requiring Defendants to issue a new DPS out-of-cell policy and hire more correctional officers.

### III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

4

complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## A.   Eleventh Amendment Immunity

The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984.  It does not, however, bar official capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

The Department of Public Safety, as an agency of the state, is not a "person" amenable to suit under § 1983.  Plaintiff's claims against the Department of Public Safety are DISMISSED with prejudice.  Plaintiff's claims against Defendants Espinda and Sequeira in their official and individual capacities may proceed.

**B.      Whether the Eighth or Fourteenth Amendment Applies**

Plaintiff asserts that his claims arise under the Eighth and Fourteenth
Amendments.  Plaintiff is a convicted inmate who is being held on a probation
revocation warrant.  If he is considered a pretrial detainee, his constitutional
protections derive from the Due Process Clause of the Fourteenth Amendment.  If
Plaintiff is considered a convicted inmate, however, his rights arise under the
Eighth Amendment's protection against cruel and unusual punishment.  *See Bell v.
Wolfish*, 441 U.S. 520, 535 (1979); *see also Gordon v. Cty. of Orange*, 888 F.3d
1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v.
Gordon*, 139 S. Ct. 794 (2019) (holding pretrial detainees' claims alleging
inadequate medical care arise under the Fourteenth Amendment, and are evaluated
under an objective deliberate indifference standard).

The Ninth Circuit has treated a prisoner held in "pre-hearing detention for a
probation violation," as a "pretrial detainee."  *Ressy v. King Cty.*, 520 F. App'x
554-55 (9th Cir. 2013).  In light of this, and because Plaintiff is awaiting a
determination on his sentence of probation which may result in a new sentence, the
Court considers Plaintiff a pretrial detainee and reviews his claims under the more
protective Fourteenth Amendment substantive due process standard.  *See id.*
Plaintiff's Eighth Amendment claims are DISMISSED.

C.    **Fourteenth Amendment Substantive Due Process**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from conditions of confinement that amount to punishment.  *See Bell*, 441 U.S. at 535 n.16.  In considering such a claim, the "court must decide whether the [condition] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose."  *Id.* at 538.  Absent evidence of an "expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it.'"  *Id.* (citation and brackets omitted).  "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees."  *Id.* at 539.

Conversely, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Id.*  Legitimate government objectives include "maintain[ing] security and order at the institution and mak[ing] certain no

weapons or illicit drugs reach detainees," "ensuring the detainees' presence at

trial," and managing the facility. *Id.* at 540.

The Court's inquiry under the Fourteenth Amendment is wholly objective.

A pretrial detainee must demonstrate that a defendant's acts or omissions were

objectively unreasonable and identify objective facts indicating that the

"challenged governmental action is not rationally related to a legitimate

governmental objective or that it is excessive in relation to that [objective]."

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015); *see also Castro v. Cty.*

*of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).[3]  Thus, a condition of a

---

[3]Generally, to prevail, a pretrial detainee must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.  "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

pretrial detainee's confinement amounts to a constitutional violation if it: "(1)
imposes some harm to the pre-trial detainees that significantly exceeds or is
independent of the inherent discomforts of confinement; and (2) (a) is not
reasonably related to a legitimate governmental objective *or* (b) is excessive in
relation to the legitimate governmental objective." *Graves v. Arpaio*, 2008 WL
4699770, at *7 (D. Ariz. Oct. 22, 2008) (emphasis in original); *Demery v. Arpaio*,
378 F.3d 1020, 1029 (9th Cir. 2004).

### D.    Analysis

Plaintiff challenges a prison policy imposed by Espinda and Sequeira that
requires at least two correctional officers to be on duty in a housing unit before
inmates in that unit can be released from their cells.  Staffing concerns at OCCC do
not always allow for two guards to be on duty in each housing unit at all times.  It
is clear, however, that staffing is sufficient at least once per day to allow all
inmates out of their cells for one hour.  Plaintiff believes that he is constitutionally
entitled to fourteen hours out-of-cell time.  He states that he receives a *minimum* of
one hour outside of his cell daily, although he suggests that he normally receives at
least two hours and up to seven hours per day outside of his cell.  *See* Compl., ECF
No. 1 at #13 ("I was in my cell 17 to 23 hrs a day.") and #16 (stating that the
guards "only let inmates out two hours a day").

First, Plaintiff explicitly says that this restriction applies to *all* inmates at OCCC, not just to him, and that it is based on staffing needs on certain days.  He alleges no objective facts that show that there is any punitive reason behind the policy, directed at him personally or at all inmates in general.  From Plaintiff's conclusory statement of facts, the Court is unable to conclude that the policy was imposed for the express purpose of punishment.

Second, Plaintiff's allegations objectively show that the policy is based on the alternative and legitimate purpose of maintaining security in the facility and managing its overall operations.  Prison officials have determined that two officers are required in each housing unit module to preserve security at OCCC.  This policy does not impose an arbitrary, purposeless, or unyielding restriction.  Rather, it is a fluid restriction that is adjusted based on the personnel complement and security needs at OCCC on any given day.  The restriction on out-of-cell hours does not objectively appear excessive in relation to the legitimate governmental objective of maintaining security at OCCC.  Although Plaintiff argues that only one guard is required to supervise 120 inmates at the Federal Detention Center-Honolulu and at DPS' contract facilities in Arizona, this wholly conclusory assertion does not objectively show that conditions at OCCC are comparable to those facilities.

10

Third, Plaintiff's allegations objectively show that he has received an average out-of-cell time of fourteen hours per week, and no less than seven hours per week, for the four months before he commenced this action. These facts do not objectively suggest that Plaintiff has been subjected to a restriction that exceeds "the inherent discomforts" to be expected of incarceration. *Graves*, 2008 WL at *7. And, although the Ninth Circuit has never set a minimum, constitutionally required amount of out-of-cell time for pretrial *or* convicted inmates, courts have consistently considered one hour per day, five days per week sufficient under the Eighth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (as amended) (approving authority from other circuits calling for "five to seven hours" of weekly out-of-cell exercise for inmates in segregated housing); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994) (discussing right to regular outdoor exercise for inmates indefinitely confined in segregation); *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979) (discussing limitations on outside exercise for extended periods).

Based on the facts alleged here, the Court is unable to plausibly conclude that the challenged policy subjected Plaintiff to unconstitutional punishment under the Fourteenth Amendment. The Complaint is DISMISSED with leave granted to amend.

Case 1:20-cv-00174-DKW-RT   Document 7   Filed 05/08/20   Page 12 of 15   PageID #: 44

## IV.   <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before June 15, 2020.  The amended pleading must cure the deficiencies in Plaintiff's claims and may not expand Plaintiff's claims beyond those already alleged or add new claims without explaining how they relate to the claims alleged in the original Complaint against Defendants Espinda and Sequeira.

Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  An amended pleading must be submitted on the court's prisoner civil rights form, and it will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff fails to file a timely amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[4]

---

[4]28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

12

## V.   <u>MOTIONS FOR APPOINTMENT OF COUNSEL</u>

There is no constitutional right to counsel in a civil case where a litigant's

liberty is not at issue.  *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981).

The appointment of counsel is governed by the plaintiff's likelihood of success on

the merits, ability to articulate his claims in light of their complexity, and a

showing of "exceptional circumstances" supporting the appointment of counsel.

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Weygandt v. Look*, 718

F.2d 952, 954 (9th Cir. 1983); *see also*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th

Cir. 1987).

Plaintiff seeks appointment of counsel based on his indigence, lack of legal

knowledge, and inability to find an attorney willing to take his case.  Plaintiff has

filed two recent actions in this federal court,[5] in which he has been able to complete

in forma pauperis applications, and two motions for appointment of counsel in

each case.  This belies his claim that he is being denied access to a pen, paper,

envelopes, and postage.

If Plaintiff has further difficulties accessing writing supplies, he may show

this Order to his unit manager as proof that he has two ongoing actions in the

---

[5]In addition to the present suit, Plaintiff is also litigating *Davies v. Heick*, No. 1:20-cv-
00173 LEK-RT (D. Haw. 2020).

13

federal court and will require sufficient supplies to litigate them.  Otherwise, Plaintiff has not shown a likelihood of success on the merits of his claims, and there are no exceptional circumstances that justify the appointment of counsel at this time.  Plaintiff's Motions for Appointment of Counsel, ECF Nos. 5 and 6, are DENIED without prejudice.

Plaintiff also requests a copy of the Local Rules for the District of Hawaii and a pen.  The Local Rules are available at all prison facilities in Hawaii and Arizona where Hawaii's inmates are housed.  Plaintiff is DIRECTED to request access to these Local Rules from the appropriate prison official at OCCC.  Plaintiff has obviously been able to secure a writing utensil, whether it is a pen or a pencil is unclear.  Plaintiff's requests that the Clerk of Court send him a copy of the Local Rules for the District of Hawaii and a pen are DENIED.

## VI.   CONCLUSION

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Plaintiff's failure to state a colorable claim for relief against any Defendant.

(2)  Plaintiff may file an amended pleading as permitted on or before June 15, 2020.  Failure to file an amended pleading that cures the deficiencies in

his claims may result in dismissal of this action with prejudice and without further

notice and incur a strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights

complaint form so that he may comply with the directions of this Order if he elects

to file an amended complaint.

(4)  Plaintiff's Motions for Appointment of Counsel and other miscellaneous

requests are DENIED.

IT IS SO ORDERED.

DATED: May 8, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Tobius Davies v. Nolan P. Espinda, et al; Civil No. 20-00174 DKW-RT;
**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND
DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**


*Davies v. Espinda, et al.*, No. 1:20-cv-00174 DKW-RT Scrg '20 (out-of-cell time,
dny counsel)

15