IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TOBIUS DAVIES, #A1014982, | ) | CIV. NO. 20-00174 DKW-RT |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTIONS TO |
| | ) | AMEND FIRST AMENDED |
| vs. | ) | COMPLAINT AND MOTION FOR |
| | ) | RECONSIDERATION |
| NOLAN P. ESPINDA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court are Plaintiff's Motions to (1) "Add and Change First

Amended Complaint/Sued in Individual Capacity"; (2) "Add Witness Declaration

and Exhibits into Motion"; and (3) "Reconsider Court Appointed Counsel*." See*

ECF Nos. 9, 10.  For the following reasons, Plaintiff's Motions are Denied.

## I. **MOTIONS TO AMEND**

On May 8, 2020, the Court dismissed Plaintiff's original Complaint with

leave granted to amend to cure its deficiencies on or before June 15, 2010, and

denied Plaintiff's two Motions for Appointment of Counsel and other

miscellaneous relief.  *See* May 8, 2020 Order, ECF No. 7.  Rather than using the

allotted time until June 15, 2020 to carefully amend his pleadings in light of the

Court's detailed analysis of their deficiencies, Plaintiff filed the First Amended

Complaint (FAC) on May 18, 2020.  *See* FAC, ECF No. 8.

On further reflection, Plaintiff now moves to "Add and Change First Amended Complaint/Sued in Individual Capacity" and "Add Witness Declaration and Exhibits into Motion."   ECF No. 10.  Plaintiff's apparent intent is to dismiss the Department of Public Safety as a Defendant, name Defendants Espinda and Sequeira in their individual capacities only, and add eight pages of exhibits and other inmates' declarations in support of the FAC.  The Court will not allow litigants to file serial, informal amendments to be added to a pleading as afterthoughts.  Allowing Plaintiff to amend his pleadings in this manner poses a likelihood of confusion to the Court during screening of the pleading, and to Defendants, who, if the FAC is ordered served, will be forced to refer to three separate documents to fully understand Plaintiff's claims against them.

Moreover, Plaintiff's exhibits, containing six other inmates' declarations regarding their own issues at the Oahu Community Correctional Center ("OCCC"), and one inmate's grievances, are not relevant at this stage of the proceedings.  This is not a class action, and there are no motions or proceedings for which such evidence is required at this time.

Accordingly, Plaintiff's informal Motions to amend the FAC are DENIED without prejudice.  Plaintiff may, however, submit an amended pleading that incorporates *all* of his proposed claims for relief and names each Defendant as he

2

intends in one cohesive document on or before July 10, 2020. Plaintiff is reminded that an amended pleading must cure the deficiencies in his claims and may not expand those claims beyond those alleged in the original Complaint, or add new claims that do not relate to the claims alleged in the original Complaint.

If he elects to file a second amended pleading, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. The amended pleading must be submitted on the court's prisoner civil rights form, and it will supersede the two preceding complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. If Plaintiff fails to file an amended pleading on or before that date, the Court will proceed with screening of the May 18, 2020 FAC as written.

## II.  MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the May 8, 2020 Order to the extent it denied his motions for appointment of counsel. *See* Order, ECF No. 7 at #45-#46. The Court has authority to reconsider interlocutory orders at any time prior to final judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment.") (citation omitted). Generally, motions for reconsideration of interlocutory orders are "appropriate if the district court: (1) is

3

presented with newly discovered evidence; (2) committed clear error or the initial

decision was manifestly unjust; or (3) if there is an intervening change in

controlling law."  *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d

1255, 1263 (9th Cir. 1993).

Local Rule 60.1 for the District of Hawaii allows motions for

reconsideration of interlocutory orders to be brought only upon the following

grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law;

(c) Manifest error of law or fact.

Motions asserted under Subsection (c) of this rule must be filed not more than

fourteen (14) business days after the court's written order is filed.  *See* LR60.1; *see*

*also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (discussing

the district court's discretion to reconsider a prior order under the Federal Rules of

Civil Procedure when there is newly discovered evidence, clear error, or an

intervening change in controlling law).

A successful motion for reconsideration must demonstrate a reason why the

court should reconsider its prior decision and set forth facts or law of a strongly

convincing nature that induces the court to reverse its prior decision.  *See White v.*

*Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); *Davis v. Abercrombie*, 2014 WL 2468348, at *2 (D. Haw. June 2, 2014).  Whether to "grant reconsideration is committed to the sound discretion of the court."  *White*, 424 F. Supp. 2d at 1274 (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)); *Gordon v. Sequeira*, 2018 WL 1020113, at *1 (D. Haw. Feb. 22, 2018).

Plaintiff alleges no previously unavailable facts, or change in controlling law or in his circumstances.  Nor is there any discernable error of law or fact in the May 8, 2020 Order.  Nothing within the FAC or Plaintiff's Motions to Amend the FAC persuades the Court that Plaintiff has a likelihood of success on the merits of his claims.  Plaintiff's Motion for Reconsideration of the May 8, 2020 Order's denial of the appointment of counsel is DENIED.

## III.  <u>CONCLUSION</u>

(1) Plaintiff's Motions to "Add and Change First Amended Complaint/Sued in Individual Capacity"; "Add Witness Declaration and Exhibits into Motion"; and "Reconsider Court Appointed Counsel," ECF Nos. 9 and 10, are DENIED.

(2)  Plaintiff may file a second amended pleading as permitted on or before July 10, 2020.  If Plaintiff fails to file an amended pleading on or before that date, the Court will proceed to screen the May 18, 2020 FAC, ECF No. 8, as written.

(3) The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he can comply with this Order if he elects to file a second amended complaint.

IT IS SO ORDERED.

DATED: June 18, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_____

*Tobius Davies v. Nolan P. Espinda, et al*; Civil No. 20-00174 DKW-RT;
**ORDER DENYING MOTIONS TO AMEND FIRST AMENDED
COMPLAINT AND MOTION FOR RECONSIDERATION**

*Davies v. Espinda, et al.*, No. 1:20-cv-00174 DKW-RT non-dsp mot. '20 (dny mots. amd FAC and recon)

6