IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOBIUS DAVIES, #A1014982, ) | CIV. NO. 20-00174 DKW-RT |
| ) | |
| Plaintiff, ) | ORDER DISMISSING SECOND |
| ) | AMENDED COMPLAINT |
| vs. ) | |
| ) | |
| NOLAN P. ESPINDA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the court is pro se Plaintiff Tobius Davies' Second Amended Complaint ("SAC") brought pursuant to 42 U.S.C. § 1983. SAC, ECF No. 12.[1] Plaintiff has been incarcerated at the Oahu Community Correctional Center ("OCCC") since December 18, 2019, awaiting revocation of probation proceedings in *State v. Davies*, No. 1PC151001332 (Haw. 1st Cir.).[2] *See* https://jimspss1.courts.state.hi.us. He again alleges that Defendants Hawaii Department of Public Safety ("DPS") Director Nolan P. Espinda and OCCC

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for filed documents in the District of Hawaii.

[2]The Court takes judicial notice that Plaintiff is awaiting probation revocation proceedings in *State v. Davies*, No. 1PC151-001332 (Haw. 1st Cir. Ct.) (hearing set 06/19/2020), and trial in *State v. Davies*, No. 1DTA-19-02042 (Haw. 1st Cir. Ct.) (trial set 06/03/2020). https://www.courts.state.hi. (Search "eCourt Kokua"; then "Party Search" for Plaintiff's cases) (last visit May 4, 2020); *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of "matters of public record"); Fed. R. Evid. 201(b).

Warden Francis Sequeira are violating his rights under the Eighth and Fourteenth Amendments by depriving him of adequate, out-of-cell time.

The SAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a) for Plaintiff's failure to state a colorable claim for relief. Because amendment is futile, this dismissal is without leave to amend and shall be counted as a strike pursuant to 28 U.S.C. § 1915(g), unless overruled on appeal.

## I.   STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  DISCUSSION

Plaintiff states that Director Espinda and Warden Sequeira have recently laid off seventeen out of sixty correctional officers due to budgeting concerns at DPS and OCCC. He complains that this reduction in staff has resulted in his being locked in his cell for at least ten hours per day. Specifically, Plaintiff states that

some inmates are locked in their cells for two out of three shifts per day, and only allowed out of their cell during one shift. *See* FAC, ECF No. 12 at #97. Plaintiff states that inmates in Module 7, however, are released from their cells for four hours during the second shift and three hours during the third shift. He complains that Espinda and Sequeira have no set policy informing inmates when they will be released from their cells, which apparently depends on manpower needs during any particular shift. Plaintiff also alleges that sometimes inmates are denied outside recreation, but provides no facts regarding this new claim.

Plaintiff alleges that Defendants' policy violates his civil rights and causes him mental and physical distress (because the air conditioning in his cell is very cold). He seeks monetary damages and injunctive relief requiring Defendants to issue a new DPS out-of-cell policy and hire more correctional officers.

### A.     42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

B. **Fourteenth Amendment**

Because Plaintiff is awaiting a decision on the revocation of probation, the Court reviews his claims under the Fourteenth rather than the Eighth Amendment. *See Ressy v. King Cty.*, 520 F. App'x 554-55 (9th Cir. 2013) (treating prisoner held in "pre-hearing detention for a probation violation" as a "pretrial detainee"); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding pretrial detainees are protected under the Fourteenth Amendment); *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S. Ct. 794 (2019) (holding pretrial detainees' claims alleging

inadequate medical care arise under the Fourteenth Amendment, and are evaluated under an objective deliberate indifference standard).

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from conditions of confinement that amount to punishment. *See Bell*, 441 U.S. at 535 n.16. In reviewing such a claim, the "court must decide whether the [condition] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. Absent evidence of an "expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it.'" *Id.* (citation and brackets omitted). "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539.

Conversely, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* Legitimate government objectives include "maintain[ing] security and order at the institution and mak[ing] certain no

weapons or illicit drugs reach detainees," "ensuring the detainees' presence at trial," and managing the facility. *Id.* at 540.

The inquiry under the Fourteenth Amendment is wholly objective. A pretrial detainee must demonstrate that a defendant's acts or omissions were objectively unreasonable and identify objective facts indicating that the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015); *see also Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).[3] Thus, a condition of a

---

[3]Generally, to prevail, a pretrial detainee must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

pretrial detainee's confinement amounts to a constitutional violation if it: "(1) imposes some harm to the pre-trial detainees that significantly exceeds or is independent of the inherent discomforts of confinement; and (2) (a) is not reasonably related to a legitimate governmental objective *or* (b) is excessive in relation to the legitimate governmental objective." *Graves v. Arpaio*, 2008 WL 4699770, at *7 (D. Ariz. Oct. 22, 2008) (emphasis in original); *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004).

### C. Analysis

Plaintiff challenges a prison policy imposed by Espinda and Sequeira that requires an adequate number of correctional officers to be on duty in a housing unit before inmates in that unit can be released from their cells. Staffing concerns at OCCC do not always allow for two guards to be on duty in each housing unit at all times. Staffing is sufficient to allow most inmates out of their cells once per day during an eight-hour work shift, or for inmates in Module 7, for seven hours per day divided between two work shifts. This alleged restriction applies to *all* inmates at OCCC and is based on staffing needs on certain days during certain shifts.

Plaintiff does not allege that the policy was initiated punitively or imposed for the express purpose of punishment. Rather, Plaintiff's allegations again objectively show that the policy is based on the legitimate governmental purpose of maintaining security at OCCC and managing its overall operations during a period of budget restrictions. The policy does not impose an arbitrary, purposeless, or unyielding restriction; it appears to be adjusted based on the personnel complement and security needs at OCCC during any particular work shift. The restriction on out-of-cell hours does not objectively appear excessive in relation to the legitimate governmental objective of maintaining security at OCCC.

Importantly, the SAC shows that OCCC inmates receive a minimum of seven to eight hours out of their cells daily. This does not objectively show that Plaintiff has been subjected to a restriction that exceeds "the inherent discomforts" to be expected of incarceration. *Graves*, 2008 WL at *7. As this Court informed Plaintiff (Dkt. No. 7 at 11), one hour per day, five days per week is generally considered sufficient out-of-cell time. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (as amended) (approving authority from other circuits calling for "five to seven hours" of weekly out-of-cell exercise for inmates in segregated housing); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994) (discussing right to regular outdoor exercise for inmates indefinitely confined in segregation);

*Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979) (discussing limitations on outside exercise for extended periods). The Court is unable to plausibly conclude that Director Espinda or Warden Sequeira subjected Plaintiff to unconstitutional punishment under the Fourteenth Amendment by limiting inmates' out-of-cell time to seven-eight hours per day. The Second Amended Complaint is DISMISSED with prejudice because it is clear that amendment is futile.

### III.    28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is notified that, if this decision is not overturned on appeal, this dismissal shall be counted as a "strike" under 28 U.S.C. § 1915(g).

## IV.   CONCLUSION

(1)  The Second Amended Complaint, ECF No. 12, is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Plaintiff's failure to state a colorable claim for relief against any Defendant.

(2)  The Clerk is DIRECTED to terminate this action and enter judgment.

IT IS SO ORDERED.

DATED: July 28, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Tobius Davies vs. Nolan P. Espinda, et al*; Civil No. 20-00174 DKW-RT;
**ORDER DISMISSING SECOND AMENDED COMPLAINT**

*Davies v. Espinda, et al.*, No. 1:20-cv-00174 DKW-RT Scrg '20 (Dsm SAC w. prej re out-of-cell time 14 Am)